**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL AQUINO, M.D., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL EDWARD BREEDE, <br><br> Defendant. | Civil Action No. 23-2459 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Michael Edward Breede's ("Defendant") Motion to Dismiss (ECF No. 6) Plaintiff Michael Aquino's ("Plaintiff") Complaint alleging tortious interference with an alleged contract (ECF No. 1). Plaintiff opposed (ECF No. 17) and Defendant replied (ECF No. 19). In his pleadings, Defendant alleges that the Court lacks personal jurisdiction over Defendant pursuant to Federal Rules of Civil Procedure 12(b)(2);[1] in the alternative, Defendant alleges that Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (*See generally* Def.'s Moving Br., ECF No. 7.)

**I.   BACKGROUND**

This action is Plaintiff's third litigation against Defendant for the same transaction. Plaintiff alleges that in July 2017, Defendant "signed a written [contract] pursuant to which [Plaintiff] was entitled to obtain the IP assets of Integrated Surgical[, LLC ("Integrated Surgical")]." (Compl. ¶ 55, ECF No. 1.) Plaintiff asserts that Defendant, the CEO and a managing

---

[1] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

member of Integrated Surgical, tortiously interfered with the alleged contractual relationship by allowing Integrated Surgical to enter into another contract with a third party and sell Integrated Surgical's IP assets to that third party. (*Id.* ¶¶ 8, 57, 59.) On February 1, 2018, Plaintiff pursued a claim against Defendant in the Superior Court of California.[2] (ECF No. 8-1.) The case was dismissed for lack of personal jurisdiction because the state court found that Plaintiff, despite being granted jurisdictional discovery, had not established by a preponderance of the evidence that the "court had personal jurisdiction over [Defendant] as an individual." (State Court Order, ECF No. 8-2; *see also* Def.'s Moving Br. 8.)[3] On November 14, 2018, Plaintiff filed the same claim against Defendant in the District Court of the Northern District of California[4] (ECF No. 8-3); the case was again dismissed for lack of personal jurisdiction because Plaintiff "failed to show that Defendant[] purposefully directed [his] allegedly tortious actions at California." (Ca. District Court Order, ECF No. 8-4).

Having failed to demonstrate personal jurisdiction over Defendant in California, Plaintiff filed a new matter in New Jersey, *Plaintiff's* state of residence, on May 4, 2023. (*See generally* Compl.) In response to Defendant's motion to dismiss, Plaintiff asserts that there is personal jurisdiction over Defendant; if the Court disagrees, however, Plaintiff requests that the Court allow Plaintiff to conduct jurisdictional discovery into Defendant's contacts with New Jersey and grant Plaintiff leave to amend his Complaint. (Pl.'s Opp'n Br. 11–16, ECF No. 17.)

---

[2] Plaintiff listed a number of defendants in the state litigation, including Integrated Surgical, the CFO of Integrated Surgical, and others.

[3] The state court explicitly stated that "there is substantial evidence making a finding necessary that [Defendant] is a resident of Connecticut with no personal contacts with Santa Clara County." (State Court Order 1–2.)

[4] In the California federal action, Plaintiff chose to only sue Defendant and the CFO of Integrated Surgical. (*See* District Court for N.D. Ca. Compl., ECF No. 8-3.)

II.   **LEGAL STANDARD**

Indeed, a court must have personal jurisdiction over a defendant to adjudicate a matter. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." (citing *Emps. Reinsurance. Corp. v. Bryant*, 299 U.S. 374, 382 (1937) (internal quotations omitted))). In New Jersey, a federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citations omitted). A New Jersey court, therefore, has personal jurisdiction over parties who have constitutionally "minimum contacts" with New Jersey. *Id.* (citation omitted).

To survive a motion to dismiss for lack of personal jurisdiction, Plaintiff has the burden of establishing the court's jurisdiction over Defendant. *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Plaintiff need only establish a *prima facie* case of personal jurisdiction because this Court has not held an evidentiary hearing on the motion to dismiss. *See Miller Yacht Sales*, 384 F.3d at 97 (citing *Pinker*, 292 F.3d at 368). Without such an evidentiary hearing, "[P]laintiff is entitled to have [his] allegations taken as true and all factual disputes drawn in [his] favor. *Id.*

III.  **DISCUSSION**

Here, neither party asserts the Court has general jurisdiction over Defendant.[5] *See Daimler AG*, 571 U.S. at 127 (stating that courts may assert personal jurisdiction over a party either through

---

[5] The parties agree that Defendant holds domicile in the State of Connecticut. (Compl. ¶ 2, ECF No. 1; Def.'s Moving Br. at 4.) *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'" (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014))).

3

general jurisdiction or specific jurisdiction). The Court, therefore, assesses whether there is specific jurisdiction over Defendant.

A.  **Personal Jurisdiction:** *Calder* **Test**

Plaintiff alleges that the Court has specific jurisdiction over Defendant pursuant to the *Calder* test, which allows the exercise of specific personal jurisdiction over a defendant based on the defendant's intentional tort.[6] (*See* Pl.'s Opp'n Br. 11.) *See Eddie Kane Steel Prod., Inc. v. Ala. Plate Cutting Co.*, No. 18-15167, 2019 WL 3281623, at *5 (D.N.J. July 19, 2019) ("Defendants who satisfy the *Calder* test do not have to satisfy the elements of the traditional test of personal jurisdiction." (citing *IMO Indus.*, 155 F.3d at 265)); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984) (holding that a plaintiff may overcome the defendant's insufficient contacts with the forum through the *Calder* test such that the due process test is satisfied). Under *Calder*, a plaintiff may assert specific personal jurisdiction by demonstrating that:

> (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant expressly aimed his or her tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Eddie Kane Steel Prod., Inc.*, 2019 WL 3281623, at *5 (internal quotations omitted) (citing *IMO Indus.*, 155 F.3d at 265–66). "In cases involving alleged tortious interference with [a] contract, courts conduct a fact-specific inquiry to determine whether the high standard of the third element

---

[6] Plaintiff does not assert, beyond relying upon the *Calder* test, that Defendant has minimum contacts with New Jersey. The Court, however, notes separately that specific jurisdiction is unavailable on the basis of Defendant's alleged contacts with New Jersey alone—namely, his communication with Plaintiff, a New Jersey resident—because, as discussed *infra*, "they are far too small to comport with the requirements of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259–60 & n.3 (3d Cir. 1998) (finding letters and phone calls to be "minimal communication between the defendant and the plaintiff in the forum state, [and] without more, will not subject defendant to the jurisdiction of that state's court system.").

4

of the *Calder* test is met." *ABC Med. Holdings, Inc. v. Home Med. Supplies, Inc.*, No. 15-2457, 2015 WL 5818521, at *4 (E.D. Pa. Oct. 6, 2015) (citations omitted); *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007).

Here, Plaintiff fails to satisfy the burden of establishing the Court's jurisdiction over Defendant. In essence, Plaintiff alleges that Defendant intentionally interfered with a valid contract, which prevented Plaintiff from receiving his rightfully owed IP assets. (Compl. ¶¶ 57, 59.) Taking the facts alleged in the Complaint as true, this Court assumes for the purposes of this analysis that Defendant committed the intentional tort of tortiously interfering with a valid contract.[7] In assessing whether a defendant "expressly aimed his tortious conduct at [New Jersey]," the Third Circuit finds that "[s]imply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement. [Instead, t]he defendant must manifest behavior intentionally targeted at and focused on the forum for *Calder* to be satisfied." *IMO Indus.*, 155 F.3d at 263, 265 (internal quotations marks omitted) ("[T]he mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy *Calder*.").

Yet, that is exactly what Plaintiff does here. Plaintiff asserts that Defendant aimed his alleged conduct at New Jersey because "[Defendant] had full knowledge of [Plaintiff]'s state of residence at the time the events surrounding the [alleged contract] took place." (Pl.'s Opp'n Br. 10; *see also id.* at 13 ("[B]y the time of the [alleged contract] in July 2017, [Defendant] was fully

---

[7] "To establish [tortious interference with an existing contract], a plaintiff must prove: (1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss or breach of a contract as a result of the interference; and (4) damages resulting from that interference." *Fid. Eatontown, LLC v. Excellency Enter., LLC*, No. 16-3899, 2017 WL 2691417, at *6 (D.N.J. June 22, 2017) (alteration in original) (citation omitted). For the purposes of assessing specific jurisdiction, however, the Court does not reach the merits of this issue.

aware that 'New Jersey [is] where [Plaintiff] is located.'") (fourth alteration in original).) Simply put, "the state of a plaintiff's residence does not on its own create jurisdiction over nonresident defendants." *Marten*, 499 F.3d at 298; *see also Aardvark Event Logistics, Inc. v. Bobcar Media LLC*, No. 16-5873, 2017 WL 59059, at *6–7 (E.D. Pa. Jan. 5, 2017) ("The effects test prevents a defendant who [did not] expressly aim its conduct at the forum state from being haled into a jurisdiction solely because it intentionally caused harm that was felt in the forum state." (citing *Marten*, 499 F.3d at 297)). Further, it is insufficient that Defendant "believed that New Jersey could be a place of performance for the [contract]." (Pl.'s Opp'n Br. 13.) *See Radian Guar. Inc. v. Bolen*, 18 F. Supp. 3d 635, 644–45 (E.D. Pa. 2014) (finding defendant's knowledge that plaintiff was located in a state, and that the forum selection clause in the contract between plaintiff and defendant was also listed for that same state, was insufficient to show that defendants expressly aimed their tortious conduct at that state). The Court finds that Plaintiff fails to demonstrate Defendant's minimum contacts with New Jersey under the *Calder* test to exercise specific personal jurisdiction over Defendant.

### B. Jurisdictional Discovery

Without more, the Court also declines to grant Plaintiff's request for jurisdictional discovery to assert jurisdiction over Defendant. Such discovery is appropriate only if a plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (alteration in original); *see also Cosa Marble, Inc. v. Classic Tile, Inc.*, No. 07-587, 2008 WL 320465, at *3 (D.N.J. Jan. 28, 2008) (finding jurisdictional discovery to be warranted when a plaintiff has provided "at least some evidence" that a defendant "has had some contact" with the forum state). Plaintiff does not plead any facts of reasonable

particularity relevant to Defendant's contacts with New Jersey other than Defendant's knowledge that Plaintiff resides in the state; in fact, Plaintiff haphazardly concludes without explanation that the Court may reasonably exercise jurisdiction over Defendant "based solely on [Plaintiff's] *prima facie* showing that [Defendant] has sufficient minimum contacts with New Jersey." (Pl.'s Opp'n Br. 15.) There are no jurisdictional facts in dispute and Plaintiff fails to meet the requisite showing for jurisdictional discovery. *See Knierim v. Siemens Corp.*, No. 06-4935, 2008 WL 906244, at *8–11 (D.N.J. Mar. 31, 2008) (denying plaintiffs' request for jurisdiction discovery because plaintiffs could not establish a *prima facie* showing personal jurisdiction, including under the *Calder* test (citing *Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997))). The Court, however, grants Plaintiff an opportunity to amend his Complaint to make the requisite showing that this Court should grant jurisdictional discovery or that this Court has personal jurisdiction over Defendant.

In sum, the Court finds that Plaintiff has not met his burden in showing that Defendant's alleged contacts with New Jersey meet the requirements of due process.

**IT IS THEREFORE,** on this 1st day of November, 2023, **ORDERED** as follows:

1. Plaintiff's Complaint is **DISMISSED WITHOUT PREUDICE** in its entirety;
2. Plaintiff is granted leave to file an Amended Complaint **within thirty (30) days** of this Memorandum Order; and
3. The Clerk shall close this matter.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**