**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL AQUINO, M.D., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL EDWARD BREEDE, <br><br> Defendant. | Civil Action No. 23-2459 (MAS) (JTQ) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Michael Edward Breede's ("Defendant") motion to dismiss with prejudice Plaintiff Michael Aquino, M.D.'s ("Plaintiff") Amended Complaint and to impose sanctions on Plaintiff's counsel (ECF No. 30.) Plaintiff opposed (ECF No. 34), and Defendant replied (ECF No. 35). This Court has carefully considered the parties' submissions and decides Defendant's motion without oral argument under Local Civil Rule 78.1. For the following reasons, the Court grants Defendant's motion to dismiss Plaintiff's amended complaint and denies Defendant's motion for sanctions.

**I.      BACKGROUND**

As the parties are intimately familiar with the factual and procedural background of this matter, the Court recites only those facts necessary to resolve the instant motion. *See Aquino v. Breede ("Aquino I")*, No. 18-06916, 2019 WL 4081902, at *1-4 (N.D. Cal. Aug. 29, 2019); *Aquino v. Breede ("Aquino II")*, No. 23-2459, 2023 WL 7195173, at *1 (D.N.J. Nov. 1, 2023). Plaintiff's current Amended Complaint is the fourth time that Plaintiff has raised the same claim of tortious

interference with contractual relations against Defendant. (*See* First Am. Compl., ECF No. 29); *Aquino II*, 2023 WL 7195173, at *1. Plaintiff first filed this claim against Defendant on February 1, 2018 in the Superior of Court of California. (*See generally* Compl. Super. Ct. Cal., ECF No. 8-1),[1] but it was dismissed for lack of personal jurisdiction (State Ct. Order 1, ECF No. 8-2; *see also* Def.'s Moving Br. 8, ECF No. 31). On November 14, 2018, Plaintiff filed the same claim against Defendant in the U.S. District Court for the Northern District of California (Compl. N.D. Cal. 14, ECF No. 8-3), but it again was dismissed for lack of personal jurisdiction. *Aquino I*, 2019 WL 4081902, at *11. Plaintiff subsequently filed the same claim for a third time against Defendant, this time in New Jersey, on May 4, 2023. (Compl. ¶¶ 54-59, ECF No. 1.) This Court dismissed Plaintiff's District of New Jersey Complaint for lack of personal jurisdiction without prejudice, and granted Plaintiff leave to amend his complaint. *Aquino II*, 2023 WL 7195173, at *3-4.

In his Amended Complaint, Plaintiff again alleges tortious interference with contractual relations pertaining to the alleged sale of Integrated Surgical's intellectual property assets (the "IP assets"). (First Am. Compl. ¶¶ 97-102.) Defendant responded by filing a motion to dismiss, arguing that this Court lacks personal jurisdiction over Defendant in New Jersey.[2] (Def.'s Moving Br. 12-18.)[3] In moving to dismiss, Defendant requests that the Court sanction Plaintiff's counsel under 28 U.S.C. § 1927 for repeatedly filing the same complaints unreasonably and vexatiously. (*Id.* at 29-33.) In support of his motion for sanctions, Defendant reminds the Court that all of Plaintiff's

---

[1] Plaintiff also listed a number of defendants in the state litigation, including Integrated Surgical, LLC ("Integrated Surgical"), Alan Adair Moss, the Chief Financial Officer of Integrated Surgical, and others. (*See* Super. Ct. Cal. Compl. ¶¶ 1-8.)

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[3] In the alternative, Defendant alleges that Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Def.'s Moving Br. 11, 18-28.) The Court, however, only reaches the issue of personal jurisdiction in this Memorandum Opinion.

prior complaints rested on similar allegations and were filed in states where Defendant does not reside or conduct business.[4] (*Id.* at 30-32.)

## II.    <u>LEGAL STANDARD</u>

A federal court must have personal jurisdiction over a defendant to adjudicate a matter. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication.") (citing *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937) (internal quotations omitted)). In New Jersey, a federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citations omitted). A New Jersey court, therefore, has personal jurisdiction over parties who have "constitutionally sufficient minimum contacts" with New Jersey. *Id.* (citation omitted).

A court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] [himself] of the privilege of conducting

---

[4] The parties agree that Defendant is a citizen of Connecticut. (First Am. Compl. ¶ 2; Def.'s Moving Br. 13.) Defendant, therefore, is considered domiciled in Connecticut for purposes of general jurisdiction. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

3

activities within the forum"; (2) the litigation "arise[s] out of or relate[s]" to at least one of those contacts; and (3) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923-24 (internal quotation marks and citations omitted).

For tort claims like tortious interference, a court may exercise personal jurisdiction when the *Calder* effects test is satisfied. *Calder v. Jones*, 465 U.S. 783 (1984); *see also Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). To assert personal jurisdiction under *Calder*, a plaintiff must demonstrate to the Court that:

> (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant expressly aimed [their] tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Marten*, 499 F.3d at 297 (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d. Cir. 1998)).

To survive a motion to dismiss for lack of personal jurisdiction, Plaintiff has the burden of establishing the court's jurisdiction over Defendant. *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Plaintiff need only establish a prima facie case of personal jurisdiction because this Court has not held an evidentiary hearing on Defendant's motion to dismiss. *Miller Yacht Sales*, 384 F.3d at 97 (citing *Pinker*, 292 F.3d at 368). Without such an evidentiary hearing, "[P]laintiff is [thus] entitled to have [his] allegations taken as true and all factual disputes drawn in [his] favor." *Id.*

### III. DISCUSSION

Similar to *Aquino II*, resolution of Defendant's motion in this matter turns on whether Plaintiff can establish that Defendant expressly aimed tortious conduct into New Jersey. For the following reasons, the Court finds that Plaintiff cannot.

4

A.     **Personal Jurisdiction**

Plaintiff contends that this Court has personal jurisdiction over Defendant pursuant to the *Calder* test. (*See* Pl.'s Opp'n Br. 16-22, ECF No. 34.) Plaintiff, however, fails to show that Defendant expressly aimed his alleged tortious conduct into New Jersey. The main basis that Plaintiff provides for his assertion that Defendant aimed tortious conduct into New Jersey was that Defendant knew that Plaintiff was a New Jersey resident when committing the alleged tortious conduct. (First Am. Compl. ¶¶ 12, 29, 35, 50, 52, 80, 91; Pl.'s Opp'n Br. 19-20.) As this Court previously found, Defendant's knowledge that Plaintiff was a New Jersey resident is not sufficient to establish that Defendant aimed his alleged conduct at New Jersey. *Aquino II*, 2023 WL 7195173, at *3. The same can be said for Plaintiff's allegation that Defendant initiated phone calls and emails to Plaintiff regarding the proposed sale of the IP assets while Plaintiff was in New Jersey. (Pl.'s Opp'n Br. 20); *Aquino II*, 2023 WL 7195173, at *3 n.6 (citing *IMO Indus.*, 155 F.3d at 254, 259-60 & n.3). Finally, that Defendant believed the sale contract with Plaintiff could be performed in New Jersey is likewise insufficient to satisfy the third prong of the *Calder* test. (Pl.'s Opp'n Br. 19); *see also Aquino II*, 2023 WL 7195173, at *3. As such, Plaintiff once again fails to establish that this Court can exercise personal jurisdiction over Defendant.[5] As the Court dismisses the Amended Complaint for lack of personal jurisdiction, it will not dismiss the Amended Complaint with

---

[5] To the extent that Plaintiff argues that Defendant's offer to hold a continued stake in the IP assets upon their sale to Plaintiff establishes expressly aimed conduct, such allegation is irrelevant in assessing whether this Court has personal jurisdiction over Defendant. (Am. Compl. ¶ 35.) The *Calder* test considers whether Defendant has already aimed tortious conduct into New Jersey, not whether he might do so in the future. *See Oticon, Inc. v. Sebotek Hearing Sys. Inc.*, 865 F. Supp. 2d 501, 516 (D.N.J. 2011) (finding that defendant's email stating intention to target New Jersey in the future "provid[ed] no basis for [the c]ourt to conclude that [defendant] ultimately acted upon that intention").

prejudice because Plaintiff still may be able to establish jurisdiction over Defendant elsewhere. Accordingly, Plaintiff's Amended Complaint is dismissed without prejudice.[6]

### B.      Motion for Sanctions

Defendant also requests that this Court impose sanctions on Plaintiff for his allegedly vexatious conduct. Under 28 U.S.C. § 1927, a court may impose sanctions against an attorney "who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions under § 1927 "are intended to deter an attorney from *intentionally* and unnecessarily delaying judicial proceedings." *LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 288 (3d Cir. 2002) (emphasis in original) (citing *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 297 (3d Cir. 1996)). Moreover, a court must find "willful bad faith" on the part of Plaintiff's counsel to impose sanctions under § 1927. *In re Prudential Ins. Co. of Am. Sales Prac. Litig. Agent Actions ("Prudential")*, 278 F.3d 175, 180-81 (3d Cir. 2002) (quoting *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d. Cir. 1991)). "Although § 1927 provides a court with a mechanism for sanctioning vexatious and willful conduct, 'courts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice.'" *LaSalle*, 287 F.3d at 288 (quoting *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986)).

Defendant moves for sanctions on the basis that Plaintiff's counsel has repeatedly brought the same action against Defendant "based on the same set of allegations" in a "futile search for a

---

[6] Although Plaintiff requests that the Court allow him to conduct jurisdictional discovery into Defendant's contacts with New Jersey even if it does not find that it has personal jurisdiction over Defendant (Pl.'s Opp'n Br. 22-23), such a request is inappropriate because Plaintiff has yet to present facts "with reasonable particularity" suggesting the existence of Defendant's contacts with New Jersey. *See Aquino II*, 2023 WL 7195173, at *3 (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). Accordingly, Plaintiff's request for jurisdictional discovery is denied.

court with personal jurisdiction over [Defendant]" to "harass [Defendant] because the [sale contract] . . . did not go through." (Def.'s Moving Br. 30.) Given that all of Plaintiff's previous claims were dismissed without prejudice, however, this Court finds that Plaintiff's counsel neither acted with willful bad faith nor vexatiously and inappropriately when he filed the Amended Complaint in the instant matter with the permission of the Undersigned and previous judges. *Aquino I*, 2019 WL 4081902, at *12; *Aquino II*, 2023 WL 7195173, at *4; *see Prudential*, 278 F.3d at 181 (requiring bad faith to impose sanctions); *LaSalle*, 287 F.3d at 289 (noting bad faith requires violation "of recognized standards in the conduct of litigation"); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from other courts[.]"). Accordingly, the Court denies Defendant's motion to impose sanctions on Plaintiff's counsel under 28 U.S.C. § 1927.

## IV.   CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's Amended Complaint without prejudice and denies Defendant's request for sanctions on Plaintiff's counsel. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
